IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN R. HENRY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 06-0612-CG-M |
| NATIONWIDE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's motion to remand (Doc. 21), and defendant's response thereto (Doc. 25). The court finds that the requisite jurisdiction amount in controversy was met at the time of removal. Therefore, plaintiff's motion is due to be **DENIED**.

## BACKGROUND

This action was originally filed on August 17, 2006, in the Circuit Court of Mobile County, Alabama. Defendant removed the action to this court on October 2, 2006, alleging complete diversity of citizenship and that the $75,000 jurisdictional minimum was met. The notice of removal specifically alleged that "the plaintiff **does not deny** that his case is worth more than this Court's jurisdictional limit requirement." (emphasis in original). On June, 13, 2007, plaintiff moved to remand, asserting that on May 10, 2007, plaintiff testified at his deposition that his lawsuit seeks only damages in the amount of $35,000 or $40,000. (Doc. 21). Plaintiff states that he also has a claim for punitive damages which he does not waive, but that plaintiff stipulates that he does not and will not seek damages in excess of $74,999.99 and that he will not attempt to aggregate claims to seek damages beyond that amount. (Doc. 21, p. 2).

Defendant opposes remand, asserting that plaintiff, by failing to oppose removal, admitted that the requisite amount in controversy was met and is now simply trying to avoid or delay judgment that will result from defendant's pending summary judgment motion.

## DISCUSSION

Federal courts are courts of limited jurisdiction. "On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)). This court "must determine whether it had subject matter jurisdiction at the time of removal." Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000). The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961). When a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996). However, this burden is less demanding than the "legal certainty" burden established in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) which applies when a plaintiff has specifically claimed less than the jurisdictional amount in the complaint. In this case there has been no specific claim for damages.

Here, defendant alleged that the jurisdictional minimum was met and, in fact, stated that plaintiff did not deny that fact. This allegation was not opposed for more than eight months. The court notes, however, that there is a significant jurisdictional difference between a post-removal clarification and a post-removal waiver. "While the former may be considered if the amount in controversy is not apparent on the face of the complaint at the time of removal, the latter cannot be used to amend a complaint and thereby destroy federal jurisdiction that has already attached." Fuller v. Exxon Corp., 78 F.Supp.2d 1289, 1296-97 (S.D. Ala.1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) (post-removal reduction of amount in controversy, whether "by stipulation, by affidavit, or by amendment of [the] pleadings ... does not deprive the district court of jurisdiction"). "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Poore v. American-Amicable Life Insurance Co., 218 F.3d 1287, 1290-91 (11th Cir.2000); accord Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir.2002) ("If jurisdiction was proper at that date [the date of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."). Thus, as long as subject matter jurisdiction attached at the time of the removal, the plaintiff cannot later absolve that jurisdiction by waiver.

The question, then, is whether the amount in controversy was sufficient to confer subject matter jurisdiction at the time of removal. Generally, a plaintiff who fails to contest the removal petition or move for remand is deemed to admit all factual allegations in the removal petition. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968) (citation

omitted).[1]  While the plaintiff's inaction cannot "give the federal courts jurisdiction of the case when it did not originally exist," the court, after reviewing the complaint and considering plaintiff's factual admission, finds that the requisite jurisdictional amount in controversy was met at the time of removal. Id. at 175 n.7.

It is not evident from the face of plaintiff's complaint whether the amount in controversy is met.  Plaintiff's complaint asserts two counts: Count I[2] alleges breach of an insurance contract for failure and refusal to pay plaintiff's claim and seeks compensatory and punitive damages; and Count II alleges bad faith failure to pay and also seeks compensatory and punitive damages. The removal notice states that the coverage amount available to the plaintiff under the insurance policy is in excess of $75,000.  The insurance claim at issue concerns alleged losses resulting from plaintiff's home being burglarized.  The complaint does not list the items stolen or give any detail regarding the amount of plaintiff's alleged loss.  Plaintiff's testimony concerning value might be considered a clarification that the loss claimed from the burglary is $35,000 to $40,000. Such an award would not meet the jurisdictional minimum amount in controversy.  However, plaintiff asserts more than one claim and all of the plaintiff's claims may be aggregated to reach the jurisdictional minimum. See, Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 585, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  In addition, punitive damages must be considered when calculating the amount in controversy "unless it is apparent to a legal certainty that such

---

[1] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2] Both Counts of the complaint are actually labeled as "Count II," but the court presumes that the first claim listed is actually Count I.

cannot be recovered."  Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987).  In Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict. See e.g. Davis v. Franklin Life Ins. Co., 71 F.Supp.2d 1197, 1200 (M.D. Ala.1999) ("it is clear in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount]." citation omitted).  In light of the above, the court finds that the requisite jurisdictional minimum amount in controversy was met at the time of removal.

## CONCLUSION

For the reasons stated above, the plaintiff's motion to remand (Doc. 21) is **DENIED**.

**DONE and ORDERED** this 22nd day of August, 2007.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE